WILLIAMS, Judge.
This is an appeal by plaintiff Paul D. Posseno from entry of summary judgment in favor of defendants Security Insurance Group and Frances DeFeliece.
Plaintiff filed suit in tort against his former employer, defendant DeFeliece and her insurer. The petition alleged that his employer had forced him to work excessively long hours without rest in the course of his employment at Pascal’s Manale Restaurant. The petition alleges that defendants knew or should have known that plaintiff would be injured. He claimed that he had a seizure and uncontrollable shaking as a result of his work schedule. Defendants filed an exception of no cause of action on the ground that plaintiffs sole remedy was workers’ compensation. The trial court denied the exception. Defendants then filed a motion for summary judgment. Accompanying the motion was the affidavit of DeFeliece who averred that she had never required him to work long hours, and that *1282 she never forced any employee to work when sick. DeFeliece was manager and owner as well as plaintiffs supervisor. Plaintiffs affidavit asserted that DeFeliece had ordered him to work an extremely burdensome schedule.
Summary judgment is granted when there is no issue of genuine fact, and the movant is entitled to judgment as a matter of law. La.C.Civ.Pr. art. 966. The trial court considers the pleadings, depositions, answers to interrogatories and admissions together with the affidavits to determine whether summary judgment is appropriate. Ibid.
An employee’s exclusive remedy for a work-related injury is compensation except for a suit based on intentional tort. La.R.S. 23:1032. For a tort to be intentional, the defendant must desire to bring about the physical results of his or her act or believe that they were substantially certain to follow. Bazley v. Tortorich, 397 So.2d 475 (La.1981).
Plaintiffs petition makes an allegation that DeFeliece knew or should have known that he would be injured as a result of the hours he claims that he was forced to work. In her affidavit, however, DeFel-iece averred that she had never knowingly made any employee work while he was ill. Clearly, there exists a question of fact as to the hours plaintiff worked. Nevertheless, unless DeFeliece intentionally forced him to work such an oppressive schedule so as to cause his injuries, then the schedule is irrelevant. We find that plaintiff has failed to rebut the information contained in DeFeliece’s affidavit. We fail to see how she could have intentionally caused plaintiffs injuries, if she never forced a sick employee to work.
For this reason, we believe that the trial court properly granted summary judgment in favor of defendants. Plaintiffs exclusive remedy is his workers’ compensation if his injuries are indeed work-related.
AFFIRMED.